**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**MANUEL MENDONCA,**

    **Petitioner,**

    v.

**WARDEN, MADISON
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 1:24-cv-717
District Judge Susan J. Dlott
Magistrate Judge Elizabeth P. Deavers**

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner proceeding with counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and this Court's General Order 22–05. Pending before the Court are the Petition (ECF No. 1); Respondent's Return of Writ (ECF No. 9); Petitioner's Reply (ECF No. 12); the state court record (ECF No. 8); and state court transcripts (ECF Nos. 8-1, 8-2, 8-3).

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED**. The Undersigned further **RECOMMENDS** that the Court decline to issue a Certificate of Appealability.

**I.**    **Statement of Facts and Procedural History**

The Ohio Court of Appeals, Twelfth Appellate District summarized the following relevant factual and procedural history:

> **{¶ 2}** On August 12, 2021, the Brown County Grand Jury returned an indictment charging Mendonca with single counts of first-degree felony trafficking in cocaine in violation of R.C. 2925.03(A)(2), first-degree felony possession of cocaine in violation of R.C. 2925.11(A), third-degree felony aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), and third-degree felony aggravated possession

1

of drugs in violation of R.C. 2925.11(A). The indictment also included four major drug offender specifications pursuant to R.C. 2941.1410(A) and two forfeiture specifications in accordance with R.C. 2941.1417(A). These charges and specifications arose after Officer Sean Waddle with the Fayetteville Police Department conducted a legally permissible traffic stop of Mendonca's rental car after Officer Waddle clocked Mendonca driving 39 mph in a posted 25 mph speed zone while in Fayetteville, Brown County, Ohio on the afternoon of July 30, 2021.

{¶ 3} Once the traffic stop of Mendonca's rental car was effectuated, Officer Waddle approached the vehicle and contacted Mendonca. Upon contacting Mendonca, and after asking Mendonca to produce his driver's license and registration, Officer Waddle noticed a large stack of cash located in the car's open glovebox. Officer Waddle also discovered that Mendonca's out-of-state driver's license was suspended. Officer Waddle further discovered that the vehicles' registration and proof of insurance were both expired. Because Mendonca's driver's license had been suspended, and because the vehicle's registration and proof of insurance were both expired, Officer Waddle decided to have Mendonca's rental car towed away from the scene and impounded. The record indicates that Officer Waddle did this in accordance with Fayetteville's vehicle towing and release policy.

{¶ 4} Officer Waddle then conducted an inventory search of the vehicle. The record indicates that Officer Waddle also did this in accordance with Fayetteville's vehicle towing and release policy. Specifically, Section 502.5, which states:

> All property in a stored or impounded vehicle shall be inventoried and listed on the vehicle storage form. This includes the trunk and any compartments or containers, even if they are closed and/or locked. Members conducting inventory searches should be as thorough and accurate as practicable in preparing an itemized inventory. These inventory procedures are for the purpose of protecting an owner's property while the owner is in police custody, to provide for the safety of officers and the public, and to protect the Department against fraudulent claims of lost, stolen or damaged property.

{¶ 5} During the subsequent inventory search of Mendonca's rental car, Officer Waddle discovered a small baggie containing .143 ounces of cocaine located in the vehicle's passenger compartment stuffed in between the car's driver's seat and center console. Upon finding this small baggie of cocaine, Officer Waddle then opened the vehicle's trunk to continue his search. The search of the vehicle's trunk area resulted in Officer Waddle discovering a large, over two-pound brick of cocaine sealed in a brown bag hidden behind an access panel. Following this discovery, Mendonca was placed under arrest and transported to the Brown County Jail by Deputy William Dickman, a deputy with the Brown County Sheriff's Office. Once there, Mendonca was removed from Deputy Dickman's police cruiser and a

2

search of the cruiser's backseat was conducted. This search resulted in the discovery of .5 ounces of methamphetamine located in [] Deputy Dickman's police cruiser near the area where Mendonca had been sitting.

{¶ 6} On October 14, 2021, Mendonca filed a motion to suppress. Mendonca advanced several arguments in support of his suppression motion. This included Mendonca's argument that Officer Waddle conducted an unconstitutional inventory search of his vehicle. This was because, according to Mendonca, Fayetteville's vehicle towing and release policy "effectively attempts to eviscerate" the rights guaranteed to him by the United States and Ohio Constitutions to be free from unreasonable searches and seizures. The trial court held a hearing on Mendonca's motion to suppress on November 10, 2021. Officer Waddle was the only witness who testified at this hearing. As part of this testimony, Officer Waddle was asked upon what he based his decision to have Mendonca's rental car towed. To this, Officer Waddle testified that his decision to tow Mendonca's rental car was based on Mendonca "driving under suspension, as well as the vehicle not having a valid registration," and "no valid insurance."

{¶ 7} On December 10, 2021, the trial court issued a decision denying Mendonca's motion to suppress. In so holding, the trial court stated:

> There has been no showing of a violation of the United States Constitution by the officer's action in stopping the vehicle or in conducting an inventory search when he learned [Mendonca's] operator's license was under suspension.

{¶ 8} The trial court also stated:

> [Officer Waddle] would have been derelict in his duty if he had simply issued a citation for speeding and a license violation. He was correct in not permitting a person whose license was under suspension to just drive away. Had he done so and [Mendonca] had injured someone by his driving, [Officer Waddle] and his department would face civil liability for those injuries.

{¶ 9} From August 22 to August 25, 2022, the trial court held a three-day jury trial on the matter. After both parties rested, and following the jury's deliberations, the jury returned a verdict finding Mendonca guilty as charged.

*State v. Mendonca*, 2023-Ohio-1780, 2023 WL 3700578 (Ohio Ct. App. May 30, 2023); (ECF No. 8 at Ex. 12, PageID ## 141-43).

The jury found Petitioner guilty of trafficking in cocaine and possession of cocaine, both first-degree felonies, and guilty of aggravated trafficking in drugs and aggravated possession of

3

drugs, both third-degree felonies. (ECF No. 8 at Ex. 12, PageID # 140). The state trial court sentenced Petitioner to a total, aggregate term of imprisonment of 13 to 16.5 years, with 393 days of jail-time credit. (*Id.* at PageID # 143). The trial court also notified Petitioner that he would be subjected to post-release control for 2 to 5 years. (*Id.*).

Petitioner appealed his conviction to the state appellate court and raised the following two assignments of error:

> [1] The trial court improperly denied the motion to suppress evidence because the arresting officer did not adhere to the Fayetteville, Ohio, Police Department's vehicle towing and release policy by failing to inquire about the nature of Appellant's suspension, and the subsequent search was pretextual for an investigatory purpose violating Appellant's Fourth Amendment rights under the United States Constitution.
>
> [2] The trial court erred in entering a finding of guilty because the verdict was against the manifest weight of the evidence thereby violating Appellant's rights under the Ohio and Federal Constitutions.

(ECF No. 8 at Ex. 10, PageID ## 94-112 (cleaned up)). The state appellate court overruled Petitioner's assignments of error and affirmed his conviction and sentence. (*Id.* at Ex. 12, PageID ## 139-54).

Petitioner filed an appeal in the Supreme Court of Ohio, raising one issue for review:

> <u>Proposition of Law No. 1</u>: The Trial Court improperly denied the motion to suppress evidence because the arresting officer did not adhere to the Fayetteville, Ohio Police Department's vehicle towing and release policy by failing to inquire about the nature of Appellant's suspension, and the subsequent search was pretextual for an investigatory purpose violating Appellant's Fourth Amendment Rights under the United States Constitution.

(ECF No. 8 at Ex. 14, PageID ## 159-74). The Supreme Court of Ohio declined to accept jurisdiction. *State v. Mendonca*, 217 N.E.3d 815, 171 Ohio St. 3d 1437, 2023-Ohio-3328 (Ohio Sept. 26, 2023); (ECF No. 8 at Ex. 15, PageID # 177.)

4

Petitioner then filed a Motion to Correct Judgment Entry of Sentence with the state trial court pursuant to Ohio Criminal Rule 32 (ECF No. 8 at Ex. 16, PageID # 179-80), which the trial court denied (*id.* at Ex. 17, PageID # 184).

On December 15, 2024, Petitioner, proceeding with counsel, sought a writ of habeas corpus pursuant to 28 U.S.C § 2254. (ECF No. 1). He raises the following grounds for relief:

> **GROUND ONE:** The decisions of the Ohio judiciary denying the Petitioner relief upon his claim of violation of his right to freedom from unreasonable search and seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution were in error, as a pre-textual action occurred herein and the scope of the search exceeded the lawful limits of an inventory search.
>
> **GROUND TWO:** The decisions of the Ohio judiciary denying the Petitioner relief upon his claim of violation of his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution were in error, as the evidence did not rise to a level beyond a reasonable doubt.

(*Id.* at PageID ## 10-20).

Respondent filed the state court record (ECF No. 8), state court transcripts (ECF Nos. 8-1 through 8-3), and Return of Writ (ECF No. 9). Petitioner filed a Reply. (ECF No. 12). This matter is now ripe for review.

## II. <u>Standard of Review</u>

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The United States Supreme Court has described the AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 571 U.S. 12, 19-20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)). *See also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly

5

deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." (internal quotation marks, citations, and footnote omitted)).

The AEDPA limits the federal courts' authority to issue writs of habeas corpus and forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state-court decision either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The United States Court of Appeals for the Sixth Circuit has explained the meaning of the standards found in § 2254(d)(1) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ "if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies the law or bases its decision on an unreasonable determination of the facts, in light of the record before the state court. *Harrington v. Richter*, 562 U.S. 86, 100, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011); *Williams*, 529 U.S. at 412-13.

*Lang v. Bobby*, 889 F.3d 803, 810 (6th Cir. 2018).

Under § 2254(d)(2), a state court's "factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Instead, a state court's factual findings are "only unreasonable where they are rebutted by clear and convincing evidence and do not have support in the record." *Moritz v. Woods*, 692 F. App'x 249, 254 (6th Cir. 2017) (quoting *Pouncy v. Palmer*, 846 F.3d 144, 158 (6th

6

Cir. 2017)) (internal quotation marks omitted).  Moreover, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1)," and a merits decision in state court "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding."  *Ayers v. Hudson*, 623 F.3d 301, 308 (6th Cir. 2010) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

The burden of satisfying the AEDPA's standards rests with the petitioner.  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).  And review is "limited to the record that was before the state court."  *Id.*

### III.  Discussion and Analysis

Petitioner filed the instant federal habeas corpus action, raising a Fourth Amendment claim and challenging the sufficiency of the evidence.  (Petition, ECF No. 1).  Respondent asserts that the sufficiency of the evidence claim is procedurally defaulted, and that both claims are meritless.  (Return, ECF No. 9).  The Undersigned addresses each claim below.

#### A.  Claim 1: Fourth Amendment Violation

Petitioner first claims that his Fourth Amendment rights were violated because Officer Waddle's "inventory search" was merely a pre-text to conduct an investigatory search of Petitioner's rental car and that Officer Waddle had "no need" to conduct an inventory search.  (Petition, ECF No. 1, PageID ## 12-15).  Respondent contends that Petitioner's Fourth Amendment claim does not warrant federal habeas relief because the State provided Petitioner with a full and fair opportunity to litigate this claim in state court.  (Return, ECF No. 9, PageID ## 670-73).  The Undersigned agrees.

7

Federal habeas corpus relief is not available to a state prisoner "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim . . . that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 481-82 (1976); *Seymour v. Walker*, 224 F.3d 542, 553 (6th Cir. 2000). An "'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013) (citations omitted). Consequently, "[i]n the absence of a sham proceeding, there is no need to ask whether the state court conducted an evidentiary hearing or to inquire otherwise into the rigor of the state judiciary's procedures for resolving the claim." *Id.* The *only* relevant question for this federal habeas Court is whether Petitioner was given a chance to present his Fourth Amendment claim to the Ohio state courts.

Petitioner maintains that the state appellate court's denial of this claim was not a meaningful review because the discussion was a "short shrift on a potentially meritorious issue." (Reply, ECF No. 12, PageID # 687). From review of the state court record, however, Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts. (*See generally* ECF No. 8). Petitioner filed a Motion to Suppress (*id.* at Ex. 3, PageID ## 46-52; Ex. 4, PageID ## 54-60), and was afforded a hearing in the state trial court (ECF No. 8-1 (Transcript of Motion to Suppress Hearing)). Petitioner also raised this claim in his appeals to both the state appellate court (ECF No. 8 at Ex. 10, PageID ## 103-09), and the Supreme Court of Ohio (*id.* at Ex. 14, PageID ## 168-74). Even though his challenges were unsuccessful, Petitioner was provided with an opportunity to present his Fourth Amendment claim in state court. Federal

habeas relief is therefore not warranted. *Stone*, 428 U.S. at 481-82; *Seymour*, 224 F.3d at 553; *Good*, 729 F.3d at 639.

Accordingly, Petitioner's first ground for relief should be **DISMISSED**.

**B.     Claim 2: Sufficiency of the Evidence**

Petitioner next challenges the sufficiency of the evidence presented by the State, claiming that the prosecution did not prove the elements of the crimes charged beyond a reasonable doubt. (Petition, ECF No. 1, PageID # 15-20). Petitioner contends that the prosecution did not offer any evidence to connect him to the brick of cocaine found in the rental vehicle's trunk and highlights that he did not own the rental vehicle nor were any of his personal items found in the trunk. (*Id.* at PageID # 17).

Respondent asserts that this claim is procedurally defaulted because Petitioner failed to raise a sufficiency of the evidence claim to the Supreme Court of Ohio. (Return, ECF No. 9, PageID ## 675-76). Respondent also counters that regardless of the exhaustion issue, this claim is meritless. (*Id.* at PageID ## 676-82).

Under the AEDPA, habeas petitioners must "exhaust their claims in state court before turning to a federal court for relief." *Stermer v. Warren*, 959 F.3d 704, 720 (6th Cir. 2020) (citing 28 U.S.C. § 2254(b)(1)); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) (citations omitted). This requires a petitioner to raise his claims at every level in state court, including in the state's highest court. *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)).

Petitioner did raise his sufficiency of the evidence claim[1] to the state appellate court on direct appeal (ECF No. 8 at Ex. 10, PageID ## 109-12), but failed to present this claim to the Supreme Court of Ohio, the highest court in Ohio. Petitioner's Fourth Amendment claim was the sole proposition of law in his discretionary appeal to the Supreme Court of Ohio. (ECF No. 8 at Ex. 14, PageID ## 159-74). Petitioner failed to raise his sufficiency of the evidence claim to the Supreme Court of Ohio and now no longer can. Petitioner's sufficiency of the evidence claim is not exhausted and thus the claim is not properly before the Court unless Petitioner offers cause and prejudice to excuse the default or shows that the failure to address this claim will result in a fundamental miscarriage of justice. *Franklin v. Bradshaw*, 695 F.3d 439, 449 (6th Cir. 2012) (citing *Coleman*, 501 U.S. at 750).

As Respondent notes, Petitioner has not presented any cause and prejudice to excuse the waiver of this claim. Petitioner makes a general assertion that he is innocent, "thereby allowing him to overcome the procedural default." (Reply, ECF No. 12, PageID # 688). But Petitioner fails to provide any new, reliable evidence to overcome the actual innocence gateway as required to show a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (finding that the actual innocence gateway requires "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial"); *Davis v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018) (citing *House v. Bell*, 547 U.S. 518, 537 (2006)). *See also Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)) ("'Actual innocence' means factual innocence, not mere legal insufficiency."). Consequently, Petitioner's sufficiency of the evidence

---

[1] Although labeled as a manifest weight of the evidence claim, the state appellate court also construed Petitioner's claim as a sufficiency of the evidence claim. (ECF No. 8 at Ex. 12, PageID # 148 (FN 1)).

claim should be dismissed due to the failure to exhaust this claim in state court. 28 U.S.C. § 2254(b)(1); *Stermer*, 959 F.3d at 720; *Coleman*, 501 U.S. at 731-32.

Even if Petitioner had raised this claim to the Supreme Court of Ohio, this habeas reviewing court would still owe AEDPA deference to the state appellate court's denial of this claim on direct appeal.

The state appellate court analyzed Petitioner's claim under both a sufficiency of the evidence standard and manifest weight standard. The state appellate court found the following in reviewing whether the prosecution presented sufficient evidence:

> **{¶ 27}** After a thorough review of the record, including the lengthy trial transcript generated in this case, we find the record contains more than enough evidence, albeit circumstantial, to prove Mendonca was aware that there was a two-pound brick of cocaine hidden in the trunk area of his rental car. This includes the evidence that Mendonca admitted to using cocaine while on his travels and that Mendonca had a small baggie of cocaine located with him in the rental car's passenger compartment. This also includes evidence that Mendonca's cellphone had saved a photograph of cocaine cut up into lines laying on a scale, as well as a text message to Mendonca asking Mendonca if he had an eight-ball of cocaine ready to sell. This is in addition to the evidence that Mendonca had a large stack of cash in his rental car's glovebox. Therefore, because there was more than enough evidence to prove Mendonca was aware that there was a two-pound brick of cocaine hidden in the trunk area of his rental car, the jury's verdicts finding Mendonca guilty of trafficking in cocaine and possession of cocaine were supported by sufficient evidence.

(ECF No. 8 at Ex. 12, PageID # 152-53 (footnote omitted)).

A criminal defendant may be convicted consistent with the United States Constitution only if the evidence adduced at trial is sufficient to justify a reasonable trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). To determine whether the evidence was constitutionally sufficient to support a conviction, a court must view the evidence in the light most favorable to the prosecution. *Wright v. West*, 505 U.S. 277, 296 (1992) (quoting *Jackson*, 443 U.S. at 319). The prosecution is not required to "affirmatively rule

11

out every hypothesis except that of guilt." *Id.* (quoting *Jackson*, 443 U.S. at 326) (internal quotation marks omitted). This habeas reviewing court "faced with a record of historical facts that supports conflicting inferences must presume -- even if it does not affirmatively appear in the record -- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 296-97 (quoting *Jackson*, 443 U.S. at 326).

This Court must also afford a double layer of deference to state court determinations about the sufficiency of the evidence. *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009). Deference must be first given to the jury's finding of guilt because the appropriate standard is whether "viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson*, 443 U.S. at 319). Second, even if *de novo* review of the evidence leads to the conclusion that no rational trier of fact could have so found, a federal habeas court "must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009) (quoting *Brown*, 567 F.3d at 205) (citing 28 U.S.C. § 2254(d)(2)). This is a substantial hurdle for a habeas petitioner to overcome.

Further, a "conviction may be sustained based upon nothing more than circumstantial evidence." *Saxton v. Sheets*, 547 F.3d 597, 606 (6th Cir. 2008) (citing *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006)). *See also Gipson v. Sheldon*, 659 F. App'x 871, 877 (6th Cir. 2016) ("Circumstantial evidence is sufficient to support a conviction as long as the jury is convinced beyond a reasonable doubt." (citations omitted)). A "conviction may be based upon circumstantial evidence as well as inferences based upon the evidence." *Dell v. Straub*, 194 F.

Supp. 2d 629, 647-48 (E.D. Mich. Feb. 28, 2002) (citing *Gonzalez v. Reiner*, 177 F. Supp. 2d 211, 218 (S.D.N.Y. Nov. 13, 2001).

The state appellate court was not unreasonable in finding that the prosecution presented sufficient evidence to support Petitioner's conviction. As the state appellate court highlighted, a small baggie of cocaine was found in the front seat of the rental vehicle Petitioner was driving, Petitioner had a picture on his phone of cocaine cut into lines, he received a text about whether he had an "eight-ball" of cocaine ready, and he had a large stack of cash in the glovebox. (ECF No. 8 at Ex. 12, PageID ## 152-53). The state appellate court determined that this was sufficient evidence, "albeit circumstantial," to show Petitioner was aware of the brick of cocaine hidden in the trunk. (*Id.*). And so did the jury, finding Petitioner guilty on all counts. (ECF No. 8-2, PageID ## 636-40 (Trial Transcript)). This Court sitting in federal habeas review owes a double layer of deference to these determinations and neither is unreasonable because viewing the evidence in the light most favorable to the prosecution, it can be inferred from the evidence that Petitioner knew about the brick of cocaine. Petitioner's sufficiency of the evidence claim lacks merit and should be **DISMISSED**.

To the extent that Petitioner intended to challenge the manifest weight of the evidence, such claims are not cognizable in federal habeas corpus. *Thomas v. Taskila*, No. 23-1423, 2023 U.S. App. LEXIS 30660, at *17 (6th Cir. Nov. 16, 2023) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Nash v. Eberlin*, 258 F. App'x 761, 764 n.4 (6th Cir. 2007)).

Accordingly, Petitioner's second ground for relief should be **DISMISSED**.

## IV.  Recommended Disposition and Certificate of Appealability Determination

For these reasons, the Undersigned **RECOMMENDS** that Petitioner's grounds for relief be denied, and this action be **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a District Court must consider whether to issue a Certificate of Appealability (COA). A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a COA. 28 U.S.C. § 2253(c)(1)(A). When a claim has been denied on the merits, a COA may be issued only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). When a claim has been denied on procedural grounds, a COA may be issued if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Because no reasonable jurist would disagree with this conclusion, the Undersigned **RECOMMENDS** that Petitioner should not be granted a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020).

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination

of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the District Judge review the *Report and Recommendation de novo* and also operates as a waiver of the right to appeal the decision of the District Judge adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**December 30, 2025**  *s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**United States Magistrate Judge**