IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | | |
|---|---|---|
| Manuel Mendonca, | : | Case No. 1:24-cv-717 |
| | : | |
| Petitioner, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| Warden, Madison | : | Order Adopting Report and |
| Correctional Institute, | : | Recommendation |
| | : | |
| Respondent. | | |

This matter is before the Court on the Magistrate Judge's December 30, 2025, Report and

Recommendation ("R & R") recommending Petitioner Manuel Mendonca's petition for a writ of

habeas corpus under 28 U.S.C. § 2254 be denied, that this action be dismissed, and that the Court

decline to issue a certificate of appealability.  (Doc. 14.)  On February 9, 2025, Petitioner filed

Objections to the Magistrate Judge's R & R.  (Doc. 19.)  For the reasons that follow, the Court

will overrule the Objections and **ADOPT** the R & R.  (Doc. 14.)

## I.      BACKGROUND

Petitioner Manuel Mendonca, a state prisoner proceeding with counsel, filed a petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 15, 2024.  (Doc. 1.)  The

Magistrate Judge aptly set forth the relevant factual and procedural history underlying the

sentence and convictions from state court Mendonca now challenges.  (*See* Doc. 14 at PageID

693–95.)  The Court briefly summarizes the history herein.

On August 12, 2021, the Brown County Grand Jury returned an indictment charging

Mendoca with: (1) trafficking in cocaine in violation of Ohio Rev. Code § 2925.03(A)(2), a first-

degree felony; (2) possession of cocaine in violation of Ohio Rev. Code § 2925.11(A), a first-

1

degree felony; (3) aggravated trafficking in drugs in violation of Ohio Rev. Code §

2925.03(A)(2), a third-degree felony; and (4) aggravated possession of drugs in violation of Ohio

Rev. Code § 2925.11(A), a third-degree felony. *State v. Mendonca*, 2023-Ohio-1780, 2023 WL

3700578 (Ohio Ct. App. May 30, 2023); (ECF No. 8 at PageID 141–43). The Indictment

included four major drug offender specifications pursuant to Ohio Rev. Code § 2941.1410(A)

and two forfeiture specifications in accordance with Ohio Rev. Code § 1417(A). (*Id.*)

Mendonca filed a pre-trial motion to suppress, challenging a search of his rental vehicle by an

officer, which the trial court denied. (Doc. 8 at PageID 46–74.)

On August 25, 2022, following a three-day jury trial in the Court of Common Pleas for

Brown County, Ohio, Mendonca was found guilty of all four charges. (Doc. 8 at PageID 80–84,

140.) Following his conviction, the trial court sentenced Mendonca to a total term of

imprisonment of 13 to 16.5 years, with 393 days of jail-time credit as well as post-release control

for 2-5 years. (*Id*. at PageID 143.)

Petitioner appealed his conviction to the state appellate court and raised the following

two assignments of error:

> [1] The trial court improperly denied the motion to suppress evidence because the
> arresting officer did not adhere to the Fayetteville, Ohio, Police Department's
> vehicle towing and release policy by failing to inquire about the nature of
> Appellant's suspension, and the subsequent search was pretextual for an
> investigatory purpose violating Appellant's Fourth Amendment rights under the
> United States Constitution.
>
> [2] The trial court erred in entering a finding of guilty because the verdict was
> against the manifest weight of the evidence thereby violating Appellant's rights
> under the Ohio and Federal Constitutions.

(*Id*. at PageID 94–112 (cleaned up)). The state appellate court overruled Petitioner's

assignments of error and affirmed his conviction and sentence. (*Id.* at PageID 139–54).

2

Mendonca filed an appeal in the Supreme Court of Ohio, raising one issue for review:

> Proposition of Law No. 1: The Trial Court improperly denied the motion to suppress evidence because the arresting officer did not adhere to the Fayetteville, Ohio Police Department's vehicle towing and release policy by failing to inquire about the nature of Appellant's suspension, and the subsequent search was pretextual for an investigatory purpose violating Appellant's Fourth Amendment Rights under the United States Constitution.

(*Id*. at PageID 159–74).  The Supreme Court of Ohio declined to accept jurisdiction.  *State v. Mendonca*, 217 N.E.3d 815, 171 Ohio St. 3d 1437, 2023-Ohio-3328 (Ohio Sept. 26, 2023); (ECF No. 8 at PageID  177.)  Mendonca then filed a Motion to Correct Judgment Entry of Sentence with the state trial court pursuant to Ohio Criminal Rule 32, which was denied.  (*Id.* at Page ID 184.)

On December 15, 2024, Mendonca, proceeding with counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  (Doc. 1 at PageID 1.)  Petitioner's writ raises two grounds for relief:

> **GROUND ONE:** The decisions of the Ohio judiciary denying the Petitioner relief upon his claim of violation of his right to freedom from unreasonable search and seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution were in error, as a pre-textual action occurred herein, and the scope of the search exceeded the lawful limits of an inventory search.

> **GROUND TWO:** The decisions of the Ohio judiciary denying the Petitioner relied upon his claim of violation of his right to due process of law as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution were in error, as the evidence did not rise to a level beyond a reasonable doubt.

(*Id.* at PageID 7.)

On December 30, 2025, the Magistrate Judge issued an R & R recommending that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied, this action be dismissed, and that the Court decline to issue a certificate of appealability.  (Doc. 14 at PageID 693.)  As to Mendonca's Fourth Amendment violation claim, the Magistrate Judge applied the

procedural standard that habeas corpus relief is not available to a state prisoner "where the State has provided an opportunity for fair litigation of a Fourth Amendment claim…that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 481–82 (1976); *Seymour v. Walker*, 224 F.3d 542, 553 (6th Cir. 2000).  The Magistrate Judge found that Petitioner's Fourth Amendment claim did not warrant habeas relief because he was provided a full and fair opportunity to present his claim in state court, including through a fully briefed motion to suppress and hearing on the motion, despite his challenges being unsuccessful.  (Doc. 14 at PageID 700.)

The Magistrate Judge next addressed Mendonca's sufficiency of the evidence claim, or his argument that the prosecution failed to prove the elements of the crime beyond a reasonable doubt.  (*Id.* at Page ID 701.)  The Magistrate Judge applied the standard pursuant to 28 U.S.C. § 2254, in which habeas petitioners must "exhaust their claims in in state court before turning to federal court for relief." *Stermer v. Warren*, 959 F.3d 704, 720 (6th Cir. 2020) (citing 28 U.S.C. § 2254(b)(1)); *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991) (citations omitted).  To effectively exhaust a claim, a petitioner must raise that claim at every level in state court, including the state's highest court. *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)).  Applying this standard, the Magistrate Judge concluded that Petitioner failed to raise his sufficiency of evidence claim in every level of state court since he did not appeal the issue to the Supreme Court of Ohio, and now he "no longer can." (Doc. 14 at PageID 702).  The Magistrate Judge determined that Petitioner's second claim was procedurally defaulted.  (*Id.* at 702–03.)

Even if considered on the merits, the Court found the evidence sufficient to justify a reasonable trier of fact to find guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443

U.S. 307, 319 (1979).  The Court affords the double layer of deference to state court determinations about sufficiency of the evidence, which is a significant hurdle to overcome as the petitioner.  *See Brown v. Konteh*, 567 F.3d 191, 204–05 (6th Cir. 2009).  First, the Court determines whether, viewing the trial testimony and exhibits in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Id*. at 205.  Second, even if the Court were to conclude a rational trier of fact could not have found the petitioner guilty beyond a reasonable doubt, the reviewing court must still defer to the appellate court's sufficiency determination as long as it is not unreasonable.  *Id*.

The Magistrate Judge concluded the state appellate court was not unreasonable in finding the prosecution presented sufficient evidence to support Mendonca's conviction.  (*See* Doc. 14 a PageID 705; Doc. 8 at PageID 152–53.)

On February 9, 2026, Petitioner filed Objections to the Magistrate's Report and Recommendation on the Petitioner for Writ of Habeas Corpus Pursuant to 38 U.S.C. § 2254.  (Doc. 19.)  The matter is now before this Court for *de novo* review of the Magistrate's R & R recommending dismissal of this action.

## II.      STANDARD OF LAW

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them.  Parties then have fourteen days to file and serve specific written objections to the R & Rs.  28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party files objections to an R & R on a dispositive matter, a district judge must review the objections under the *de novo* standard.  *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  "The district judge may accept, reject,

5

or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

## III.    ANALYSIS

### A.    Fourth Amendment Claim

Petitioner objects to the Magistrate Judge's finding that his Fourth Amendment claim does not warrant relief because he had a full and fair opportunity to litigate the claim in state court. (Doc. 19 at PageID 712–13.) Petitioner contends the Magistrate failed to identify any evidence that his claim was given such "meaningful review." (*Id.*)

Upon review of an R & R to which objections have been made, "the district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). The parties must "pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* Further, to properly object to the R & R, Petitioner must identify specific legal or factual errors within the R & R. *Sims v. Gray*, No. 23-3015, 2023 WL 5127125, *2 (6th Cir. June 2, 2023). A petitioner's objection must go beyond simply reiterating arguments they previously raised in their supporting brief. *Id.*

Petitioner contests the Magistrate Judge's finding that his Fourth Amendment claim was subject to meaningful review, arguing that the appellate court denied his claim with only a "paragraph of discussion as to each sub-argument." (Doc. 19 at PageID 713.) He claims that "review is illusory" without additional factual development. (*Id.* at PageID 712–13.). As Petitioner's objection fails to identify any specific factual or legal errors in the Magistrate Judge's findings, his objection is overruled.

6

**B.     Due Process Claim**

Mendonca next contends that his due process rights were violated because the evidence presented against him at trial was insufficient to support a finding of guilt beyond a reasonable doubt.  (*Id.*)  Once again, his objection is general and fails to provide the necessary specificity to constitute a valid objection.

The Magistrate Judge found that Mendonca's claim was procedurally defaulted because he failed to properly exhaust his claim in state court by failing to raise the issue to the Supreme Court of Ohio.  (Doc. 14 at PageID 702.)  A petitioner may still bring a defaulted claim before by demonstrating "cause and prejudice" to excuse the default, or by showing that "failure to address the claim will result in a fundamental miscarriage of justice."  (*Id.*)  But Mendonca failed to offer such cause and prejudice because he did not provide "any new, reliable evidence to overcome the actual innocence gateway as required to show a fundamental miscarriage of justice."  (*Id.*)  As he did in his initial petition, Petitioner objects to this finding, arguing that this claim of actual innocence permits him to overcome the procedural default.  (Doc. 19 at PageID 714.)  However, that conclusory argument is not sufficient to meet the applicable legal standard.

Mendonca's objection reiterates the arguments raised in his initial petition and fails to identify any specific legal or factual errors made in the R & R.   As such, it is overruled.

**IV.     CONCLUSION**

The Court finds the R & R to be well-taken.  The Magistrate Judge applied the applicable law, and her analysis is well-reasoned.  Mendonca did not provide any valid objections to adopting her recommendations.  The Court, therefore, **ADOPTS** the R & R (Doc. 14), dismisses this action from the docket of the Court.  Because no reasonable jurist would disagree, the Court

declines to issue a certificate of appealability.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

       **IT IS SO ORDERED.**

BY THE COURT:

S/Susan J . Dlott
Susan J. Dlott
United States District Judge